**Bowser v. Thompson**

*Gregory A. Keenan,* for plaintiffs.
*Joseph F. Kulwicki,* for defendant.

VARDARO, *J.,* August 4, 1992—

## FACTS

The plaintiffs filed a complaint in this matter on March 18, 1992, and it was properly served on March 19, 1992, upon the attorney for the defendant insofar as this matter involved an appeal from a district justice decision filed by the defendant. Apparently the defendant's attorney was out of town and a legal secretary in his office had a conversation with the attorney for the plaintiff on April 6, 1992. A letter followed dated April 6, 1992, and stated as follows:

"Dear Mr. Keenan:

"Please let this letter confirm my conversation with you concerning the above captioned matter this date. At that time, I stated that Mr. Kulwicki is currently out of town and is not expected to return until tomorrow.

"I requested an extension of five days within which to file our client's answers to the complaint, to which you graciously agreed.

"Thank you for your cooperation and assistance.

"Very truly yours,

"Stephanie L. Loper

"Legal Secretary"

Apparently, when attorney Kulwicki returned there were some negotiations going on between the parties to settle this matter but it was not settled and, since the defendant

had not filed a responsive pleading, on April 16, 1992, the plaintiffs took a default judgment against the defendant. In doing so, no 10-day written notice pursuant to Pa.R.C.P. 237.1(a) was sent to the defendant or his attorney but instead the plaintiffs relied upon the language in that section which states:

"If a written agreement for an extension of time specified a time within which the required action must be taken and the default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule."

The defendant on April 29, 1992, requested the court to strike off or alternatively to open the judgment entered in this matter.

## DISCUSSION

The Supreme Court of Pennsylvania has dealt with this issue previously in the case of *Johnson v. SEPTA,* 524 Pa. 209, 570 A.2d 71 (1990).

In deciding that case, the court noted that the language of Pa.R.C.P. 237.1(a) specifically requires a "written agreement for an extension of time" and the court referred to the comments to that rule which provide in the relevant part as follows:

"If a written extension between the parties is couched in general language, without specifying a fixed date for compliance, then a 10-day notice under the rule will be required before judgment can be entered.

"A written agreement of extension need not be formal. An exchange of letters between counsel will suffice. But any agreement should be sufficiently specific to avoid argument over its terms. Many decisions deal with am-

biguous extension agreements or alleged oral modifications of written agreements."

Therefore, based on the language of the rule and that comment, the court held that:

"[A]bsent an 'exchange of letters' manifesting a meeting of the minds and absent of unambiguous statement of a definite time period for an extension, a separate 10-day notice in a form substantially the same as that set out in Rule 237.1 would be required before a default judgment was permitted under the rule." *Johnson,* 570 A.2d at 74-75.

In the case before us, there was no exchange of letters and therefore for that reason alone the 10-day notice was required.

Additionally, had there been an exchange of letters, the language in the letter sent stating that the request was for "an extension of five days" was too ambiguous to be acceptable. Such language leaves open argument as to whether the five days ran from when the answer normally would have been required (in this case April 9, 1992) or whether the five days ran from the date of the telephone conversation and the subsequent letter (in this case April 6, 1992).